PETER FOURFOURIS, Plaintiff, *v.* STANDARD OIL REALTY
CORPORATION *et al.*, Defendants.—(STANDARD OIL REALTY
CORPORATION, Counterplaintiff-Appellant, *v.* OTIS ELEVATOR COMPANY,
Counterdefendant-Appellee.)

First District (4th Division)    No. 80-2325

Opinion filed August 13, 1981.—Rehearing denied October 15, 1981.

Robert E. Haley and Kathy Pinkstaff Saxton, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Charles P. Menges, Robert S. Soderstrom, James P. DeNardo and Shaun McParland, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Peter Fourfouris, the plaintiff, alleged that he was a passenger in an elevator that fell. The elevator was in a building owned by the defendant, Standard Oil Realty Corporation (Standard). Otis Elevator Company (Otis) was in the process of repairing and maintaining the elevator. Fourfouris alleged that both Standard and Otis were in control of the elevator and were negligent. He seeks to recover for injuries he sustained in the fall.

Standard filed a counterclaim against Otis on theories of indemnity. Counts I and II, which are not subjects of this appeal, alleged theories of active/passive negligence and contractual indemnity. In the third count, which is the subject of this appeal, Standard sought to be indemnified

alleging that Fourfouris charged both Otis and Standard with negligence in the maintenance of the elevator, that Otis contractually agreed to inspect, maintain and repair the elevators, that Otis was required to maintain general liability insurance protecting both Standard and Otis in connection with the work covered by the contract, and that Otis had failed to procure the insurance protecting Standard. Standard asked that the court enter a judgment in its favor and against Otis in the amount that any judgment should be entered in favor of the plaintiff and against Standard.

■■ On motion of Otis, Standard's countercomplaint was dismissed. The essence of Otis' position is that Standard is seeking to enforce a provision in a contract which would require Otis to have insurance protecting Standard against claims which third persons, such as Fourfouris, may have against Standard for Standard's own negligence. In *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.* (1947), 395 Ill. 429, 70 N.E.2d 604, the court said that a contract should not be construed to require a party to procure insurance protecting another against his own negligence in the absence of clear language in the contract which would include injuries arising from his own negligence. (*Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.* (1947), 395 Ill. 429, 434, 70 N.E.2d 604, 607.) We believe that the same rules apply to procurement of insurance as apply generally to indemnity contracts. The *Westinghouse* court said that indemnity contracts will not be construed as indemnifying one against his own negligence unless such a construction is required by clear and explicit language of the contract or such intention is expressed in unequivocal terms. (*Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.* (1947), 395 Ill. 429, 433, 70 N.E.2d 604, 607.) This position was reiterated in *Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 294 N.E.2d 272, and *Zadak v. Cannon* (1974), 59 Ill. 2d 118, 319 N.E.2d 469.

■■ It is this general law which must be applied to this particular case. The contract provision which is sought to be enforced provides:

> "[Otis] shall maintain general liability and property damage insurance protecting both [Standard and Otis] in connection with the work covered by this contract, *including any liability assumed by [Otis] pursuant to the terms of this contract.*" (Emphasis added.)

Paraphrased, the contract provides that Otis shall obtain insurance coverage for Standard to protect Standard for situations arising from work being done under the contract where Standard is liable, but Otis has assumed the liability by virtue of the contract. Otis need not procure insurance when Standard is solely liable. The issue is what, if any, liability did Otis assume under the contract. The indemnity provision is pertinent:

> "[Otis] shall indemnify and save [Standard] harmless from and

against any and all losses, claims, demands, liabilities, suits or actions * * * for injuries to * * * any person * * * in connection with the performance of this contract whether caused by a negligent act or omission of either party * * * except that [Otis] assumes no liability for the sole negligent acts of [Standard] * * *."

The court observed in *Tatar* and again in *Zadak* that contract provisions are so varied that each stands or falls on its own language because the terms of contracts are so varied little can be gained by attempting to look to the particular language of contracts in other cases. That observation is apt here. The contract specifically states that Otis will indemnify Standard for the negligence "of either party." The language immediately following this provision creates an exception to this duty to indemnify by setting forth that Otis will not assume liability where Standard is solely negligent. Thus, Otis is responsible where Otis is solely negligent and where Otis and Standard are both negligent but not where Standard is solely negligent. Standard's complaint in this case alleges the former situation, that is, Standard asserts, as did Fourfouris, that both parties were in control of the premises and both were negligent. If this were proved at trial then Otis assumed liability of indemnification by contract and was required under the insurance provision of this contract to maintain general liability insurance protecting Standard. Therefore, the complaint properly states a cause of action in count III.

Otis argues on appeal that the counterclaim is also barred under section 1 of "An Act in relation to indemnity in certain contracts" (Ill. Rev. Stat. 1979, ch. 29, par. 61), which provides:

"With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure * * * or other work dealing with construction, * * * every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable."

This argument was not raised in the motion to dismiss count III of the complaint. Consequently, it is waived for purposes of appeal.

The judgment of the circuit court of Cook County is reversed and the cause remanded.

Reversed and remanded.

ROMITI, P. J., and JOHNSON, J., concur.