A89A1137. TERRACE SHOPPING CENTER JOINT VENTURE
v. OXFORD GROUP, INC.
(384 SE2d 679)

BANKE, Presiding Judge.

The two parties to this appeal were named as defendants in a

personal injury action arising from a "trip and fall" accident which occurred on the premises of a shopping center owned by the appellant and managed by the appellee. The appellee asserted a cross-claim against the appellant based upon the indemnity and insurance provisions appearing in the management agreement governing the relationship between the parties. The trial court granted summary judgment to the appellee on this cross-claim, while denying a motion for summary judgment filed by the appellant. This appeal followed.

Section 3.2.11 of the management agreement provides, in pertinent part, as follows: "Both owner [i.e., the appellant] and [the appellee] acknowledge that owner currently is responsible for maintaining all insurance coverage on the project. . . ." Section 7.3 of the agreement reads: "Indemnity by the owner. The owner shall indemnify [appellee] against and hold and save [appellee] free and harmless from any liability or expense . . . arising out of injuries or damages to persons or property, by reason of any cause whatsoever (other than the gross negligence, the wilful and intentional misconduct of [appellee] or its agents or employees, or bad faith by [appellee] in failing to perform its duties hereunder) occurring on or around the project, or elsewhere. The owner also further agrees to list the [appellee] as 'additionally' named insured on any and all liability insurance policies maintained by owner with insurance to that effect."

The appellant contends that the above indemnification provision must be considered unenforceable pursuant to OCGA § 13-8-2 (b), which provides as follows: "(b) A covenant, promise, agreement, or understanding in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair, or maintenance of a building, structure, appurtenances, and appliances, . . . purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee is against public policy and is void and unenforceable, provided that this subsection shall not affect the validity of any insurance contract, workers' compensation, or agreement issued by an admitted insurer." *Held*:

In *McAbee Constr. Co. v. Ga. Kraft Co.*, 178 Ga. App. 496 (343 SE2d 513) (1986), this court held that where a general contractor undertakes *both* to indemnify a property owner against the latter's negligence *and* to maintain liability insurance covering the negligence of the owner, the indemnification provision is enforceable because, under such circumstances, it is clear that "the parties intended coverage by insurance, *not* ultimately indemnification of the 'indemnitee' . . . against its own negligence. . . ." Quoting from *Tuxedo Plumbing &c. Co. v. Lie-Nielsen*, 245 Ga. 27, 28-29 (262 SE2d 794) (1980), the court in *McAbee* concluded that such a contractual undertaking is not

voided by OCGA § 13-8-2, " 'since neither the insurance clause nor the contract's "hold harmless clause" requires of either . . . (contracting party) that the one indemnify the other and hold him harmless from his own sole negligence. Rather, the insurance clause shifts the risk of loss to the insurance company regardless of which party is at fault. [Cit.]' " Id. 178 Ga. App. at 498. Finding no basis upon which the contractual undertaking at issue in *McAbee* can be distinguished from the one at issue in the present case, we conclude that the trial court was correct in granting the appellee's motion for summary judgment on the cross-claim, while denying the appellant's motion.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 14, 1989.

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Douglas A. Wilde*, for appellant.
*Victor Alexander, Jr.*, for appellee.