A90A0094. PROCTOR & GAMBLE PAPER PRODUCTS COMPANY v. YEARGIN CONSTRUCTION COMPANY.
(396 SE2d 38)

BEASLEY, Judge.

McDowell, an employee of Yeargin Construction Company, was injured while working as a welder at Proctor & Gamble's (P&G) plant. McDowell sued P&G for failure to properly maintain its premises. P&G filed a third party complaint against Yeargin seeking indemnification pursuant to the contract between them. Yeargin won summary judgment.

The indemnification clause states: "Seller [Yeargin] agrees to protect, defend, indemnify and save Buyer [P&G] harmless from any and all judgments, . . . settlements and claims on account of . . . personal injury, . . . which may be sustained by . . . its employees . . . arising out of or in connection with work done whether such loss, damage, injury or liability is contributed to by the negligence of Buyer [P&G] or its employees (except that this indemnity shall not apply to damages, injuries, or the costs incident thereto found to be caused by the *sole negligence* of Buyer [P&G]). . . ." (Emphasis supplied.)

The evidence favoring P&G as the summary judgment opponent shows that McDowell and another Yeargin worker were going to the basement of a P&G building to weld a pipe. The building was used to manufacture paper and the process resulted in water being splashed onto the floor. Before entering the basement, where a drain had apparently clogged, McDowell was told by P&G employees that there were 2 to 3 inches of standing water and toilet paper clumps on the floor.

McDowell walked through the water at least once before he fell and was injured. He felt grease under the water when he fell. McDowell and his co-worker had discussed returning to the Yeargin work

shack to get rubber boots but did not do so. He had never been specifically told by Yeargin that rubber boots should be worn in water covered areas, but he was wearing Wolverine work boots with rubber neoprene soles. He knew he should not weld in water without rubber soles.

The claim is that injury was caused by negligent maintenance of the floor by P&G. The initial defense was contributory negligence of McDowell. After Yeargin's motion for summary judgment was filed, P&G expanded its defense to assert that injury was the result of "negligence on the part of a person or persons other than defendant-third party plaintiff, and plaintiff is not entitled to a recovery from defendant-third party plaintiff. . . ."

P&G also contends that "construction safety," or site safety, was the sole responsibility of Yeargin, that failure to have an effective safety program was at least partly to blame, and that a factual issue remained as to whether this was a cause of the injury. The referenced contract clause provides: "Construction safety is solely the responsibility of the construction contractor. This will include the establishment and execution of an effective safety program incorporating the best safety practices known to the industry and/or required by applicable regulatory or advisory agencies."

P&G's answers to interrogatories state: "There is no one other than P & G and its employees responsible for maintenance, repair and/or 'clean-up' of the areas in which Yeargin Construction employees were working on November 25, 1985, with the exception of *Yeargin employees being responsible for cleaning up their own areas in which they were working at the time.* . . . Yeargin Construction Company employees are responsible for clean-up in whatever area they are working at the P & G plant, and *if Yeargin Construction Company were responsible for any backup of the drains in the basement* of the P & G plant, they would be responsible for the clean-up of said area." (Emphasis supplied.)

McDowell deposed that his understanding of the cleanup requirements was that Yeargin employees were only responsible for cleaning up the area where they actually worked. No welding had been done in the area where he fell. They were merely preparing to work.

There was no evidence to support P&G's allegation that McDowell or other Yeargin employees might have been responsible for the stopped drain. Instead, it is undisputed that as McDowell was first entering the building, several P&G employees advised him the room was covered with several inches of water.

1. "In order '(t)o prevail on a motion for summary judgment (OCGA § 9-11-56), a [third party] defendant-movant is required to pierce the allegations of the [third party] complaint and to establish as a matter of law that the [third party] plaintiff could not recover

under any theory fairly drawn from the pleadings and the evidence. (Cits.)' *Holiday Inns v. Newton,* 157 Ga. App. 436 (278 SE2d 85) (1981); [cits.]" *Willis v. Allen,* 188 Ga. App. 390, 391 (373 SE2d 79) (1988).

"The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. [Cit.]" *Kelly v. American Fed. Savings &c. Assn.,* 178 Ga. App. 542 (1), 543 (343 SE2d 755) (1986); *Meade v. Heimanson,* 239 Ga. 177, 180 (236 SE2d 357) (1977); *Coleman v. McDonald's Corp.,* 185 Ga. App. 628, 629 (365 SE2d 282) (1988).

P&G produced bare allegations that a better safety program would have made a difference. On the other hand, McDowell was wearing rubber-soled work shoes. Neither did P&G produce any evidence that the clogged drain was due to any action or inaction by Yeargin.

2. "Construction of a contract is a question of law for the court. Where any matter of fact is involved, the jury should find the fact." OCGA § 13-2-1. Generally questions of negligence and proximate cause are reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. *Southern Bell Tel. &c. Co. v. Dolce,* 178 Ga. App. 175, 176 (1) (342 SE2d 497) (1986).

P&G's only evidence was of contributory negligence of McDowell. "If only contributory negligence on the part of the employee [of the indemnitor] . . . is shown and no showing is made that the employer [indemnitor] is negligent in any other way, then the contract may not be construed in such a manner as to indemnify the [indemnitee] for its own acts of negligence. [Cit.]" *Binswanger &c. Co. v. Beers &c. Co.,* 141 Ga. App. 715, 719 (6) (234 SE2d 363) (1977); *American Cyanamid Co. v. Carter,* 164 Ga. App. 538, 540 (2) (298 SE2d 276) (1982); cf. *Terrace Shopping Center Joint Venture v. Oxford Group,* 192 Ga. App. 346 (384 SE2d 679) (1989); compare *Central of Ga. R. Co. v. Ga. Ports Auth.,* 190 Ga. App. 518, 519 (379 SE2d 540) (1989).

Yeargin was entitled to summary judgment.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 3, 1990.

Watson, Spence, Lowe & Chambless, Thomas S. Chambless, for appellant.

Gardner, Willis, Sweat & Goldsmith, Robert D. Goldsmith,

*Hodges, Erwin, Hedrick & Kraselsky, William A. Erwin*, for appellee.