## CIRCUIT COURT OF FAIRFAX COUNTY

Princeton Capital Corp.

v.

Browne & Merry
Construction Co., Inc.

March 30, 1992

Case No. (Law) 111592

BY JUDGE MARCUS D. WILLIAMS

This matter came before the Court on a Motion for Summary Judgment by Browne & Merry Construction, Inc. ("Browne"). After hearing oral argument, the matter was taken under advisement.

The motion for judgment alleges that Browne entered into a contract with Princeton Capital Corporation ("Princeton"), under which Browne agreed to conduct quarterly inspections of the roof of the premises located at 7701 Southern Drive, Springfield, Virginia. In addition to specific inspection requirements, Browne agreed to perform all work "in a workman-like manner according to standard practices." Princeton alleges that Browne did not perform quarterly inspections of the roof and did not perform inspections in a workman-like manner. Subsequently, accumulation of water on the roof of the subject premises caused the plaintiff damage. The motion for judgment alleges that Browne was negligent and that Browne's failure to perform was a breach of contract.

As its basis for summary judgment, Browne argues that Princeton was required to comply with a provision of the contract which required the "corporation to carry fire, tornado and other necessary insurance." The parties agreed at oral argument that "corporation" refers to Princeton. By virtue of this provision, Browne argues that Princeton must look to an insurer for recovery of its loss and cannot recover from Browne regardless of whether it was Browne's fault

that caused the loss. In support of its argument, Browne cites *Walker v. Vanderpool*, 225 Va. 266, 302 S.E.2d 669 (1983), which held that where a plaintiff has contracted to protect the defendant from a loss by procuring insurance, the plaintiff or his subrogee may not recover for that loss from the defendant even if the loss is caused by the defendant's negligence.

Princeton argues that *Walker* can be distinguished from the instant case. In *Walker*, the loss was caused by fire. The contract in *Walker* specifically required the customer to procure fire insurance to cover the risk of loss. Here, the loss was due to water damage with no specific requirement in the subject contract for insurance against water damage. Therefore, "other necessary insurance" is an ambiguous term which does not expressly require that insurance be procured to cover the risk of damage due to water accumulation.

In *Walker*, the Supreme Court construed a provision similar to the insurance provision here without resort to parol evidence.[1] As noted above, the contract in *Walker* specifically required fire insurance and the loss sustained there was due to fire. However, the Supreme Court in *Walker* was not so much concerned with whether fire insurance was required to be procured as it was concerned with the *effect* of such a requirement as it pertained to liability. The question here is whether "other necessary insurance" is an ambiguous term. If so, the Court would require parol evidence to ascertain whether "other necessary insurance" was intended as a requirement that Princeton obtain insurance that would protect it from loss due to water damage as well as protect Browne from liability.

The fact that there is no express requirement to procure insurance for water damage does not render the insurance requirement ambiguous. The requirement that Princeton carry fire, tornado and "other necessary insurance" reflects the parties' intent to cover any insurable loss. In such an arrangement, neither party intends to assume a potential liability. *Morsches Lumber Inc. v. Walter F. Probst*, 180

---

[1] The pertinent part of that provision provided that "owner to carry fire, tornado and other necessary insurance."

*Walker* was decided on a motion for summary judgment. On appeal, the Walkers argued that the trial court erred in refusing to hear evidence of the facts and circumstances surrounding the contract's execution. 225 Va. at 268, 302 S.E.2d 669, 670.

Ind. App. 202, 206, 388 N.E.2d 284, 287 (1979); *Monsanto Chemical Co. v. American Bitumuls Co.*, 249 S.W.2d 428 (Mo. 1952).

In *Monsanto Chemical Co. v. American Bitumuls Co.*, a Missouri case cited in *Walker* with approval, the insurance provision provided that: "Monsanto agrees to carry *adequate insurance* to cover all stocks of materials . . ." (emphasis supplied) 249 S.W.2d at 430. The Missouri Supreme Court held that such language protected the defendant against liability for the loss of the property by fire. 249 S.W.2d at 431. Similarly, "other necessary insurance" reflects the intent of Princeton and Browne to relieve both parties of a potential loss or liability and to shift such risk to the insurance company. This is the only reasonable construction that can be placed on the words "other necessary insurance." There is no need to resort to parol evidence to understand the agreement between the parties.

Princeton argues that unless there is a clear intent to indemnify, then the failure to procure insurance would not bar recovery by the Plaintiff. In support of its argument, Princeton cites *Fourfouris v. Standard Oil Realty Corp.*, 100 Ill. App. 3d 162, 426 N.E.2d 915 (1981). In *Fourfouris*, the Illinois Court of Appeals held that a contract should not be construed to require a party to procure insurance protecting another against his own negligence unless such a construction is required by clear and explicit language of the contract or such intention is expressed in unequivocal terms. *Fourfouris*, 100 Ill. App. 3d 162, 163, 426 N.E.2d at 916, citing *Westinghouse Co. v. LaSalle*, 395 Ill. 429, 434, 170 N.E.2d 604, 607 (1947). Apparently, Virginia has taken a different view from that of Illinois. After a lengthy discussion of cases in other jurisdictions, the Virginia Supreme Court in *Walker* stated:

> We conclude that the meaning of the insurance provision is that the Walkers were obligated to procure insurance which would protect Vanderpool from loss by fire, regardless of cause, other than fraud on the part of Vanderpool. 225 Va. at 271, 302 S.E.2d 669, 672.

The insurance provision in *Walker*, according to the Virginia Supreme Court, was the parties' allocation of risk of loss resulting from voluntary arm's length negotiations by the contracting parties.

For the foregoing reasons, the Court grants summary judgment for Browne.