A92A1352. HOFFMAN et al. v. ATLANTA GAS LIGHT
COMPANY et al.
(426 SE2d 387)

BIRDSONG, Presiding Judge.

Appellants Peter F. Hoffman et al. own property in Troup County on which a predecessor gave an easement and right-of-way to Plantation Pipeline Company (Plantation). From 1941 to 1970, Plantation installed a four-inch pipeline extending from Macon to LaGrange for transportation of petroleum products. This pipeline by virtue of the easement goes through appellants' property. Appellants bought this property in April 1984. This suit was filed alleging that from 1954 to 1956, four leaks occurred, spilling about 1,000 barrels (42,000 gallons) of petroleum products into the soil and groundwater of this property; the contamination on the property is gasoline, kerosene or other products. In December 1970, Plantation sold and assigned the pipeline and easement rights to Atlanta Gas Light Company. Appellants say Plantation admits the presence of hazardous chemicals in the spills; that it is undisputed that the contamination can be removed; and that it is undisputed that as the contamination migrates outward from the pipeline, the expense of removing the contamination increases.

Plantation and Atlanta Gas Light contend they were informed by appellants of the contamination in 1988. In March 1990, appellants formally demanded that Plantation and Atlanta Gas Light remove

the contamination from the property, but this demand was refused and suit was filed August 29, 1990, alleging, inter alia, that Atlanta Gas Light conducted tests in 1981 which revealed holes in the pipeline but never informed appellants, that the leaks were discovered in 1988 when prospective purchasers conducted environmental tests, and that the contaminants continue to spread throughout the property so that it is unmarketable because of hydrocarbon contamination. Appellants in Count I sought an injunction against the present owner of the pipeline, Atlanta Gas Light; they alleged creation and maintenance of nuisance against Plantation and Atlanta Gas Light (Count II); they alleged trespass against Plantation on account of the presence of Plantation's contaminants (Count III); they alleged breach of an instrument under seal by both defendants (Counts IV and V); they alleged fraud of both defendants for failure to reveal the leaks and contamination to appellants (Count VI and VII); and they sought punitive damages against both defendants for knowing and wilful failure to maintain the pipeline and to remove contamination after demand.

The trial court granted summary judgment to defendants on all counts, hence this appeal. *Held*:

1. " 'Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment *as a matter of law*. OCGA § 9-11-56 (c).' [Cit.] '(T)he evidence must be construed most strongly against the movant, and the party opposing the motion is entitled to all inferences that may fairly and reasonably be drawn in support of his case.' " (Emphasis supplied.) *Southern States Landfill v. Walton County*, 259 Ga. 673, 674-675 (386 SE2d 358). " 'On motion for summary judgment, the burden of showing the absence of any genuine issue of material fact rests upon movant, and the party opposing the motion is given the benefit of all reasonable doubts and favorable inferences that may be drawn from the proof offered.' " *Ingram v. JIK Realty Co.*, 199 Ga. App. 335, 336 (404 SE2d 802). The burden of establishing the non-existence of any genuine issue of fact is upon Plantation and Atlanta Gas Light as movants for summary judgment, and all doubts are resolved against them. *Grossberg v. Judson Gilmore Assoc.*, 196 Ga. App. 107, 109 (395 SE2d 592).

To prevail on a motion for summary judgment, defendants Plantation and Atlanta Gas Light must pierce the allegations of appellants' complaint and establish *as a matter of law* that appellants could not recover under *any theory fairly drawn* from the pleadings and the evidence. *Proctor & Gamble Paper Products Co. v. Yeargin Constr. Co.*, 196 Ga. App. 216, 217-218 (396 SE2d 38). The grant of summary judgment operates, at the instance of the trial court, to remove from the jury an issue or all the issues, as the case may be, and it removes from the parties the right to have the issues determined by

a jury; therefore, the ruling of the trial court granting summary judgment is not afforded any presumption of correctness or any more favorable interpretation of the evidence or the law. The rules applying to rulings on motion for summary judgment are not indulged with a view to sustain the ruling of the trial court. Rather, on appeals from grants of summary judgment, it is this court's function to examine the record and determine whether the allegations of the pleadings have been pierced so that no genuine issue of material fact remains (*Lewis v. Rickenbaker*, 174 Ga. App. 371 (330 SE2d 140)), and if the record does not support a conclusion not only that no genuine issue of material fact remains but also that the movant is entitled to judgment *as a matter of law*, the judgment must be reversed for trial. Id.; OCGA § 9-11-56 (c).

Plantation Pipeline contends the statute of limitation governing the trespass and nuisance claims expired in 1960, four years after the last leak from the pipeline relative to appellants' property; that the alleged contamination does not constitute a continuing nuisance or trespass; that Plantation transferred its easement rights and obligations to Atlanta Gas Light in 1970 and has had no legal interest or control over the pipeline as to that property since that time; that any claims arising as a result of leaks from the pipeline were barred by the time appellants bought the property in 1984; and that Plantation did not breach the easement agreement but fulfilled all its duties thereunder. Plantation shows that when it transferred its interests to Atlanta Gas Light in 1970, all petroleum products were purged from the pipeline and it was filled with water and rust inhibitor as was the practice, and no leaks were evident during Atlanta Gas Light's ownership of it, inasmuch as no leaks occurred after 1956. Plantation asserts appellants confuse continuous or regularly repetitious acts or conditions (leaks) with the hurt, inconvenience or injury (contamination), and that appellants fail to realize the distinction between past and completed acts and continuing and recurrent acts. In other words, Plantation says appellants confuse the "acts" with the "results," and that the last "acts" (leaks) occurred in 1956.

Appellants allege that four leaks formed in the pipeline from 1954 to 1956, and that although the leaks were repaired the contamination is continuing and although it could be abated by defendants, it remains unabated. Appellants insist that it is not the pipeline or the leaks which constitute a nuisance and continuing trespass, but the hydrocarbon contamination. The reasonable inference drawn in favor of appellants, as respondents to motion for summary judgment, is that Plantation fixed the leaks but failed to remove the contamination which has exuded and continues to exude throughout the property.

We conclude it is the appellees who are confused as to what the nuisance is in this case. The old holes in this pipeline are not the

nuisance; the nuisance is the continuing exudation and leaching of chemicals into the ground from the contaminants deposited long ago through the leaks.

The question in this case does not revolve around what day the holes appeared in the pipe or what day they were fixed. The question is whether the contaminating hydrocarbon pollution which began in 1956 is a *continuing* nuisance or a *permanent* nuisance. Appellees contend this is a "completed act" and it is too late for appellants to get redress. But, appellants say the contamination is spreading. If that is so, the contamination is not a "completed act." According to the Supreme Court in *Goble v. Louisville &c. R. Co.*, 187 Ga. 243, 249 (3) (200 SE 259), "every continuance of a nuisance which is not permanent, *and which could and should be abated*, is a fresh nuisance for which a new action will lie. Consequently . . . suit may be maintained for damages growing out of a nuisance of the character indicated, where the damages . . . were inflicted within four years before the time of filing suit, though the act which originally caused the nuisance was not done within the period of limitation of the action. *Danielly v. Cheeves*, 94 Ga. 263 (2) (21 S.E. 524); *City Council of Augusta v. Marks*, 124 Ga. 365 (2) (52 S.E. 539), and cit.; *Gabbet v. Atlanta*, 137 Ga. 180, 183 (73 S.E. 372), and cit." (Emphasis supplied.) See also *Scott v. Dudley*, 214 Ga. 565 (105 SE2d 752); *Harbuck v. Richland Box Co.*, 204 Ga. 352 (49 SE2d 883). This statement of the law in 1938, as to the damming of a creek by a railroad trestle, is even more applicable to chemical pollution in 1992, as to which the contamination, that is, the nuisance, first unleashed through a leak in about 1956, and being buried in the ground since then, was not discovered until 1988. The nuisance in this case is the continuing contamination, not the old leaks. The damage was not complete upon the completion of the creation of the leaks, so appellants are not limited to a cause of action filed within the period of limitations following creation of the leaks or the repairing of the leaks. The "damages growing out of [the] nuisance" (*Goble*, supra at 249) are the continuing "hurt, inconvenience, or damage" caused by the hydrocarbon contamination, for which OCGA § 41-1-1 gives a cause of action, and which were not assuaged by Plantation's sale of the pipeline to another. Appellants say there is evidence the hydrocarbon contamination caused and maintained by Plantation continues and has "inflicted [damages] within four years before the time of filing suit, though the act which originally caused the nuisance was not done within the period of limitation of the action." *Goble*, supra at 249. If that is so, appellants may maintain the cause of action for the continuing nuisance as well as for the continuing trespass. Id. at 246; see *Jillson v. Barton*, 139 Ga. App. 767 (229 SE2d 476).

The grant of summary judgment to Plantation as to the counts

for nuisance and trespass was error.

2. As to Atlanta Gas Light's contention that it did not cause the leaks or the hydrocarbon contamination, the case is slightly different. Atlanta Gas Light contends there is no evidence of any leaks since 1956; that before it acquired the pipeline, the pipeline was purged with water; that Atlanta Gas Light has never used the segment of pipeline crossing over this property and has never transported gasoline, kerosene or other refined petroleum products through the pipeline and that the contamination on the property consists of gasoline, kerosene and other refined petroleum products; and that Atlanta Gas Light had no knowledge of the presence of hydrocarbons on the property until so informed by appellants in 1989, and made no statements concerning the pipeline, the property or contaminants and never deceived appellants. Atlanta Gas Light contends that there is no causal connection between itself and the alleged harm.

Accepting arguendo that Atlanta Gas Light did not cause the hydrocarbon contamination, nevertheless Atlanta Gas Light now holds and controls the easement and the pipeline which are the physical source of the contamination on appellants' property. There is a distinction between creating a nuisance and maintaining a nuisance. OCGA § 41-1-5 provides: "(a) The alienee of a person owning property injured may maintain an action for continuance of the nuisance for which the alienee of the property causing the nuisance is responsible. (b) Prior to commencement of an action by the alienee of the property injured *against the alienee of the property causing the nuisance*, there must be a request to abate the nuisance." (Emphasis supplied.) The principle on which one is charged as a continuing wrongdoer is that he is under a legal duty to terminate the cause of the injury. *Keener v. Addis*, 61 Ga. App. 40 (5 SE2d 695). The question before the jury will be whether Atlanta Gas Light has *maintained* a continuing nuisance such as to be responsible for the resulting harm. Id. We will not hold that the alienee of the easement and pipeline has no legal duty to abate a continuing nuisance, particularly under the easement agreement in effect between Atlanta Gas Light and appellants.

Atlanta Gas Light is not insulated from responsibility for the maintenance of a continuing nuisance merely by the fact that it did not create the contamination and had no "causal" relation to the contamination as it was first created. Under OCGA § 41-1-5, "maintenance" of a nuisance is the failure to abate the nuisance after notice by the injured party. Notice to an alienee that he will be held responsible for any damages subsequently caused by the nuisance will suffice in lieu of a specific request to abate. *Central of Ga. R. Co. v. Americus Constr. Co.*, 133 Ga. 392 (65 SE 855); *Central R. v. English*, 73 Ga. 366. The continuance of the nuisance constitutes a cause of action

(*Phinizy v. City Council of Augusta*, 47 Ga. 260, 266-267; see *Bonner v. Welborn*, 7 Ga. 296, 297); the maintenance of the nuisance after notice is continuance of the nuisance, and the alienee of the property causing the nuisance is responsible for that continuance, if there is a request for abatement before action is filed. *Felker v. Calhoun*, 64 Ga. 515. The alienee may not be responsible for maintaining the nuisance if he is not given notice. *Georgia Power Co. v. Moore*, 47 Ga. App. 411 (170 SE 520); see *Georgia Power Co. v. Fincher*, 46 Ga. App. 524 (168 SE 109). The grant of summary judgment to appellee Atlanta Gas Light as to Count II for maintenance of a nuisance was error.

3. As to the question of the breach of the easement agreement as an instrument under seal, appellants contend that the easement agreement under which Plantation acquired the easement has been in effect continuously since inception in 1941, and that it guarantees to appellants the right "to fully use and enjoy" the property, which they cannot do until and unless the contamination is abated. Continuing breach of the easement agreement by Plantation and Atlanta Gas Light is a jury question in this case.

4. Appellees were not entitled to summary judgment on the question of concealment of the existence of the contamination from appellants, as alleged in the fraud counts.

5. It follows from all we have said here, and the reversal of the grants of summary judgment, that summary judgment to appellees as to Count I was improperly granted, and that appellants may recover punitive damages on the counts proved as provided by law.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 24, 1992 —
RECONSIDERATION DENIED DECEMBER 15, 1992

*Decker & Hallman, F. Edwin Hallman, Jr., David C. Moss*, for appellants.

*Long, Aldridge & Norman, Edward A. Kazmarek, Carol R. Geiger, Mary D. Peters, Hunton & Williams, Kurtis A. Powell, Edward T. Floyd*, for appellees.