RONEY, Senior Circuit Judge,
dissenting:
I respectfully would affirm for the reasons set forth in Judge Moye’s Order.
The reversal is based on the fact that there is “petroleum seeping from his [Coleman’s] land onto adjoining land” and that “the preexisting contamination of the defendant’s land continued to migrate onto the plaintiffs’ property.” The majority opinion recites that “neither the words of Plaintiffs’ complaint nor the remainder of the record foreclose the possibility that petroleum has continued to seep onto Plaintiffs’ property during Coleman’s ownership.”
This is contrary to the record, the understanding of Judge Moye, and the admissions of counsel at oral argument. Judge Moye recited as undisputed that since May 1991, prior to Coleman’s ownership: “There have been no petroleum releases from the site.” The parties do not dispute this fact on appeal. When asked directly about the accuracy of this statement at oral argument, counsel for plaintiffs said: ‘We could not prove one way or the other. So I cannot technically say that the new flow since Coleman owned it is disputed.” Therefore, the case presented to this Court is based on this undisputed critical paragraph in Judge Moye’s opinion:
Since at least May 14, 1991, there have been no deliveries of petroleum products to the former service station, there have been no petroleum products sold from the site, there have been no petroleum products stored at the site, and there have been no petroleum releases from the site.
On these undisputed facts, Georgia law is clear. If Coleman did not own the property or the offending tanks that caused the contamination, he cannot be held responsible for the fact that the contaminants remain on the plaintiffs’ property. Citizens & So. Trust v. Phillips Petro., 192 Ga.App. 499, 385 S.E.2d 426, 428 (1989) (“That there was no reoccurrence of a leak from the underground storage tanks after [defendants] purchased the property and relined the taixks is undisput *1544 ed____ Accordingly, the trial court did not err in granting summary judgment in favor of the [defendants].”).
To the extent that plaintiffs seek to read Hoffman v. Atlanta Gas Light Co., 206 Ga.App. 727, 426 S.E.2d 387 (1992), to the contrary, they overlook the critical facts of that ease. “Atlanta Gas Light now holds and controls the easement and the pipeline which are the physical source of the contamination____ We will not hold that the alienee of the easement and pipeline has no legal duty to abate a continuing nuisance, particularly under the easement agreement in effect between Atlanta Gas Light and [the complaining landowners].” Id. 426 S.E.2d at 391. (Emphasis added). In this case, Coleman never held, controlled or owned the tanks that caused the contamination, nor did he have any contractual relation with the complaining landowners.
Plaintiffs’ argument is that they made a demand of Coleman to remove the contamination on their property and that his refusal to do so amounts to a continuing nuisance. There is no authority for the proposition that by demanding the removal of a nuisance by someone who has had nothing to do with the source or maintenance of it, or the things which caused it, can somehow create a cause of action against them for a “continuing” nuisance, which they have never had anything to do with in the first place.
Under the undisputed facts as presented to this Court on appeal, plaintiffs have no cause of action against Coleman, and the district court correctly so ruled.
I would affirm.