**OCEAN DRILLING & EXPLORATION COMPANY, INC., Plaintiff-Appellant,**

v.

**MONT BOAT RENTAL SERVICES, INC., et al., Defendants-Appellees.**

No. 85–4928.

United States Court of Appeals, Fifth Circuit.

Sept. 10, 1986.

Onebane, Donohoe, Bernard, et al., Gary P. Kraus, Lafayette, La., for plaintiff-appellant.

Voorhies & Labbé, Gregory K. Moroux, Lafayette, La., for Mont & Blue Ridge.

Henderson, Haneman & Morris, Joseph A. Reilly, Jr., Houma, La., for Mont & Continental.

Before CLARK, Chief Judge, RUBIN, and GARZA, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An oil company sued several of its contractors and their underwriters seeking indemnification for a judgment rendered against it in a personal injury suit by one of its employees. One underwriter defended on the ground that the liability policy issued to the contractors did not provide coverage for the claim. The contractors, who had been third-party defendants in the personal injury action, and the second underwriter asserted that the claim was barred by res judicata. The district court granted summary judgment for all defendants, and the oil company filed this appeal. Finding the district court correct in all respects, we affirm.

I.

In 1977 ODECO time chartered workboats to service its offshore production platforms from three commonly owned contractors—Mont Boat Rental Service, Inc., MONTCO, Inc., and Crew Transport, Inc. (together referred to as Mont). ODECO and Mont simultaneously executed a master service contract that required Mont to (1) indemnify ODECO for claims arising out of the boat operations and "to support such indemnity by liability insurance coverage," and (2) secure liability insurance that

would name ODECO as an additional assured. Mont obtained coverage for its potential contractual liability from Continental Insurance Company. It also procured a marine protection and indemnity policy from Blue Ridge Insurance Company to protect it from claims arising from operation of the workboats. This policy named ODECO as an additional assured.

Maxie, an ODECO employee, was injured in 1978 while unloading equipment from a Mont-owned boat onto an ODECO platform. He sued ODECO. ODECO filed a third-party complaint against Mont for contribution and indemnity. In the complaint, ODECO sought indemnity based on tort principles, and it also alleged that Mont had contracted with ODECO to name it as an additional assured. The parties contest the meaning of that language: Mont contends that ODECO intended to assert a claim for contractual indemnity, but ODECO maintains that it was asserting only its right to protection as an additional assured. ODECO's position is undercut, however, by the fact that it did not join the underwriter, Blue Ridge, as a third-party defendant in the suit.

In *Maxie*, the Mont vessel and her crew were absolved from all wrongdoing, but ODECO was found at fault in its capacity as platform owner. Judgment was rendered against it for $340,000. The district court rendered judgment against ODECO on all of its third-party claims, and that judgment was affirmed by this court on appeal without opinion.[1]

ODECO did not present any evidence in that case of either a contractual obligation by Mont to indemnify it or a right to coverage under any insurance policy. ODECO contends that this was a deliberate, strategic move because it had never been able to locate a copy of the contract between ODECO and Mont or to discover a copy of the P & I policy. ODECO maintains that it, therefore, strove to protect itself by reserving its right to sue on a contractual theory at a later date. No evidence of such a reservation appears in the record, and

Mont denies that ODECO made any such reservation. It also contends that ODECO did not present any contractual or insurance-coverage claim because it had no evidence to support either.

ODECO then brought this suit against Blue Ridge, Continental, and Mont seeking reimbursement for the amount it had paid Maxie. ODECO's claim against Blue Ridge is premised on its status as an additional assured under the P & I policy issued to Mont by Blue Ridge. It seeks contractual indemnity from Mont and Continental based on the master service contract. ODECO also asserts a claim against Theriot, Duhe & Theriot, the broker who placed Mont's insurance, for failing to get the proper coverage.

The district court dismissed ODECO's claim against Blue Ridge on alternative grounds: it held that (1) the policy did not cover ODECO for the Maxie injury, and (2) ODECO's claim was barred by res judicata because ODECO could have asserted the claim in the *Maxie* suit but chose not to do so. The court granted summary judgment in favor of Mont and Continental on the ground that res judicata barred ODECO's claims against them. Judgment has not been rendered on ODECO's claim against the insurance broker, but the case is before us on appeal because the district court entered a judgment against ODECO on the other claims pursuant to Fed.R.Civ.P. 54(b).

## II.

The resolution of ODECO's claim against Blue Ridge is a matter of contract interpretation. The Blue Ridge P & I policy endorsements mention ODECO three times: (1) in a clause naming ODECO as an additional assured in consideration of the premium paid, (2) in a clause in which the underwriters waive their right of subrogation against ODECO because of its status as an additional assured, and (3) in the following passage:

Effective at inception this insurance is extended to cover the liability of the

1. *Maxie v. ODECO*, 671 F.2d 1377 (5th Cir.1982).

named Assured to indemnify and hold harmless ODECO from and against any and all claims, demands, or suite [sic] for damages to persons ... which may be brought *by the named Assured's employees and agents* incident to, arising out of[,] in connection with, or resulting from the activities of the named Assured ... in connection with the work to be performed ... under the contract between the named Assured and ODECO.... [Emphasis ours.]

■ Mont is the named assured in the policy. The quoted clause obliges Blue Ridge to cover Mont's liability to indemnify ODECO and hold it harmless from claims brought by Mont employees. On its face, the quoted clause provides no coverage for claims brought by employees of ODECO, such as Maxie.

ODECO argues that, as an additional assured, it is entitled to the same coverage afforded Mont (that is, coverage of claims made by ODECO employees) because, when ODECO is mentioned elsewhere in the policy endorsements, there is no such limiting language. We read the quoted clause, however, as expressing the exact intention of the parties. ODECO is mentioned the first two times simply to show that the policy covers it in some respects (that is, it is an additional assured) and protects it against subrogation claims. The quoted passage is the only one that defines the scope of coverage, and it protects ODECO only against claims by Mont employees.

Because the policy would not cover ODECO for this claim whether it is insured only "as owner" of the vessels or without such a limitation, we do not address another ODECO contention: that, while the policy itself limits coverage as to both Mont and ODECO to their liability "as owner" of the vessels (i.e., for vessel-related fault),[2] the

certificate of insurance issued to ODECO by the insurance broker purported to delete this limitation. We also need not consider the district court's alternative basis for dismissing ODECO's claim against Blue Ridge—res judicata.

### III.

The *Maxie* judgment stated that *all* of ODECO's third-party demands against Mont were dismissed with prejudice. Mont and Continental, who would be liable to ODECO only if Mont were, contend that this is res judicata of the present claim. ODECO counters by arguing that (1) it never raised a contractual-indemnity theory in *Maxie*, and (2) if it did, it reserved its right to proceed against Mont on that theory.

■ ODECO's third-party complaint in *Maxie* alleged the existence of a contract between it and Mont that required Mont to secure insurance naming ODECO as an additional assured. This language is sufficiently ambiguous to create a genuine issue of material fact as to what legal theories of recovery ODECO intended to allege. Therefore, for purposes of review of the summary judgment, we read the complaint in the light most favorable to ODECO. Doing so, we cannot fairly say that the *Maxie* judgment resolved ODECO's contractual claims.

■ This conclusion, however, does not mean that res judicata is inapplicable. Res judicata, or claim preclusion, "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, ... not merely those that were adjudicated."[3] The test for determining the applicability of this doctrine is well-settled:

For a prior judgment to bar a subsequent action, it is firmly established (1) that a

---

**2.** See generally *Marathon Oil Co. v. Mid-Continent Underwriters,* 786 F.2d 1301, 1303–04 (5th Cir.1986); *LaNasse v. Travelers Ins. Co.,* 450 F.2d 580, 584 (5th Cir.1971), *cert. denied,* 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 120 (1972).

**3.** *Nilsen v. City of Moss Point, Ms.,* 701 F.2d 556, 560 (5th Cir.1983) (en banc) (emphasis in original); *White v. World Finance of Meridian, Inc.,* 653 F.2d 147, 150 (5th Cir.1981); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d 530, 535 (5th Cir.1978). *See also* Restatement (Second) of Judgments §§ 24, 25 (1982).

prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits.[4]

The dispositive issue is whether the fourth requirement has been satisfied: is ODECO's claim for contractual indemnity the same cause of action for purposes of res judicata as the claim for tort indemnity or contribution that it asserted in its third party complaint?

This circuit has adopted the transactional test of the Restatement (Second) of Judgments[5] to determine whether two suits involve the same claim.[6] Comment (c) to § 24 of the Restatement offers the following guidance: "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims."[7] Moreover, § 25 states that the transactional test "applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action ... [t]o present evidence or grounds or theories of the case not presented in the first action."[8] The drafters of the Restatement offer this illustration: a party having causes of action sounding in both tort and contract arising from the same event must assert both claims in a single suit or extinguish forever the claim not raised.[9] The rule and illustration comport with the view of commentators: "As a general principle, then, the plaintiff must assert in his first suit all the legal theories that he wishes to assert, and his failure to assert them does not deprive the judgment of its effect as res judicata."[10]

■ Although the tort-indemnity theory that ODECO asserted in *Maxie* differs from the contractual theory it now presses, the right ODECO seeks to redress is the same: reimbursement for obligations it incurred as a result of the *Maxie* litigation. The transactional test is applicable because ODECO knew of the existence of the master service contract at the time of the *Maxie* suit and chose not to pursue that claim, even though ODECO itself impleaded Mont. ODECO is now attempting to assert obligations that should have been resolved when all the parties were before the court in the first suit. Because ODECO's cause of action for tort indemnity is based on substantially the same facts as its claim for contractual indemnity, res judicata bars the belated assertion.

---

**4.** *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1141 (5th Cir.1981), *quoting Stevenson v. International Paper Co.*, 516 F.2d 103, 108 (5th Cir.1975).

**5.** § 24. Dimensions of "Claim" for Purposes of Merger or Bar—General Rule Concerning "Splitting"

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Restatement (Second) of Judgments (1982). Comment (c) to § 24 states:

c. *Transaction may be single despite different harms, substantive theories, measures or kinds of relief....* That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theo-

ries depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.

**6.** *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 870–71 (5th Cir.1984); *United Home Rentals v. Texas Real Estate Comm'n*, 716 F.2d 324, 328–29 (5th Cir.1983); *Nilsen v. City of Moss Point, Ms.*, 701 F.2d 556, 560 n. 4 (5th Cir.1983) (en banc).

**7.** *See* note 9, *supra*.

**8.** Restatement (Second) of Judgments § 25 (1982).

**9.** *Id.* at § 24 (Illustration No. 3).

**10.** 1B Moore's Federal Practice ¶ 0.410[1], at 350 (1984). *See also* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4407 (1981).

ODECO argues that this conclusion should not bar its contractual claim in this case because, pursuant to an oral stipulation with all parties to *Maxie*, including Mont, it voluntarily dismissed all claims against Mont other than its demand for tort indemnity or contribution prior to trial and that this dismissal conformed to the requirements of Fed.R.Civ.P. 41(a)(1).

■ Rule 41 permits a plaintiff to dismiss without prejudice a claim pending before the court by filing a "stipulation of dismissal signed by all parties who have appeared in the action."[11] As we have pointed out, the record contains no evidence of such a stipulation. Although Rule 41 expressly requires a written stipulation, the courts have not insisted on a writing when it is clear that the parties have in fact entered into the contemplated stipulation.[12] The evidence must, however, be unequivocal and in the record to satisfy the patent purpose of the requirement—to avoid later dispute. An off-the-record oral stipulation, even if proved, would not satisfy the requirements of Rule 41 for it would lead to the very problems here presented, problems the requirement was designed to avert. Because the oral stipulation allegedly entered into in *Maxie* does not appear in the record, we hold that ODECO unconditionally dismissed all claims it raised, but did not present, in that suit.

For these reasons, the district court's summary judgment in favor of the defendants is AFFIRMED.

---

11. *See Plumberman, Inc. v. Urban Sys. Dev. Corp.,* 605 F.2d 161, 162 (5th Cir.1979) (voluntary dismissal under Rule 41 has no res judicata effect).

12. *See, e.g., Harkless v. Sweeny Indep. School Dist.,* 554 F.2d 1353, 1360 (5th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977). *See also* 27 Fed.Proc., L.Ed. § 62:490, at 604 (1984).