Sandra S. VANCE, Individually and on Behalf of her Minor Children, Jeffrey C. Vance and Wyatt D. Vance, Plaintiff,

v.

W.G. YATES AND SONS CONSTRUCTION COMPANY, Defendant.

No. 2:97CV25–B–B.

United States District Court,
N.D. Mississippi,
Delta Division.

June 12, 1997.

---

Kevin R. Duck, Lafayette, LA, Richard C. Dalton, Baton Rouge, LA, for plaintiff.

John Wilson Eaton, III, Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, Taylor B. Smith, Mitchell, McNutt, Threadgill, Smith & Sams, Columbus, MS, for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court upon the defendant's motion to dismiss. The court has duly considered the parties' memoranda and exhibits and is ready to rule.

## FACTS

In March of 1994, the plaintiff was hired by the defendant to work on a casino project in Tunica County, Mississippi. The plaintiff alleges that she was sexually harassed while on the job. The plaintiff notified her superiors about the harassment on several occasions and asked that it be stopped, but no action was taken. Less than a month after she was hired, the plaintiff quit her employment due to the sexual harassment and her employer's refusal to take action.

After leaving her employment with the defendant, the plaintiff filed a charge of sexual discrimination with the EEOC. In March of 1995, before receiving her notice of right to sue from the EEOC, the plaintiff filed suit against the defendant in the Circuit Court of Tunica County, Mississippi. The plaintiff's complaint, on its face, did not allege any federal cause of action. The defendant removed the case to this court on the grounds that the complaint stated a cause of action for sexual harassment under Title VII of the Civil Rights Act of 1964. The plaintiff moved to remand.

In September of 1995, the attorneys representing the plaintiff at that time moved to withdraw as they had not heard from or been able to contact the plaintiff for two months, and the plaintiff had failed to assist them in prosecuting her case by providing the names of witnesses and the EEOC investigative report. By order dated September 25, 1995, United States Magistrate Judge J. David Orlansky allowed the plaintiff's attorneys to withdraw and granted the plaintiff twenty days in which to find new counsel or notify the court of her intent to proceed pro se.

On October 31, 1995, the Magistrate Judge held a case management conference in which neither the plaintiff nor anyone on her behalf attended. Shortly thereafter, the defendant moved to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Magistrate Judge issued a report and recommendation on November 22, 1995, which recommended dismissal of the case. On December 18, 1995, this court entered a final judgment adopting the report and recommendation and dismissing the plaintiff's case with prejudice pursuant to Rule 41(b). The final judgment noted that the report and recommendation had been served upon the plaintiff by regular mail at her last known address, that more than ten days had elapsed since service of the report and recommendation, and that no objection thereto had been filed by the plaintiff.

In October of 1996, the EEOC issued its notice of right to sue. This letter was mailed to the same address that the court had listed for the plaintiff. The letter was rerouted by the post office since the plaintiff had moved. The plaintiff received the EEOC's notice on or about January 27, 1997. On February 10, 1997, the plaintiff, through new counsel, filed the present action alleging sexual harassment in violation of Title VII. The defendant has moved to dismiss this suit as barred by the doctrine of res judicata. The plaintiff has filed a motion in the 1995 lawsuit for relief from judgment. By separate order issued contemporaneously herewith, this court denied the plaintiff's motion for relief from judgment.

## LAW

■ Res judicata bars claims that have been adjudicated in a previous suit. For res judicata to apply, the following requirements must be met:

(1) the parties of the two suits are identical;

(2) there was a final judgment on the merits;

(3) the final judgment was rendered by a court of competent jurisdiction; and

(4) the same cause of action is involved in both suits.

*Eubanks v. FDIC*, 977 F.2d 166, 169 (5th Cir.1992); *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1172 (5th Cir.1992). Res judicata bars all claims that were or could have been raised in support of the original cause of action, not merely those that were adjudicated. *Ocean Drilling and Exploration Co. v. Mont Boat Rental Serv. Inc.*, 799 F.2d 213, 216 (5th Cir.1986).

■ There is no dispute that the first two requirements have been met. The parties to this case are identical to the parties in the 1995 action. Furthermore, a Rule 41(b) dismissal constitutes a final judgment on the merits. *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242–243 (5th Cir.1993); *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir.1980).

■ The plaintiff asserts that res judicata does not bar her claim because this court was not a court of competent jurisdiction when it dismissed the earlier action. The plaintiff asserts that since the court never ruled on the motion to remand, it never accepted jurisdiction. However, if jurisdiction is proper at the time of removal, then the court may exercise its jurisdiction over the action regardless of whether it has considered the motion to remand. The court does not have to deny a motion to remand in order to accept jurisdiction.

■ Under the artful pleading doctrine, the plaintiff may not avoid removal by failing to plead the necessary allegations to invoke federal jurisdiction. If the plaintiff's claim is created by federal law, or if resolution of a substantial question of federal law is essential to the plaintiff's right to relief, the district court has jurisdiction to hear the case, regardless of whether the complaint alleges a federal cause of action on its face. *Gray v. Murphy Oil USA, Inc.*, 874 F.Supp. 748, 751 (S.D.Miss.1994). Furthermore, if the plaintiff has no viable state cause of action, she may not avoid removal by casting her federal suit as one arising exclusively under state law. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995). Mississippi law does not recognize a cause of action for sexual harassment and thus any viable claim the plaintiff wishes to raise must be based on federal law. Therefore, the court finds that the final judgment entered in the 1995 action was rendered by a court of competent jurisdiction.

■ The plaintiff further asserts that res judicata is inapplicable because this case does not involve the same cause of action as the 1995 case. The 1995 complaint alleged only state law claims—no violation of federal statute or the United State Constitution was alleged. The 1997 complaint alleges a violation of Title VII, which claim the plaintiff alleges was not ripe for adjudication in 1995 since the EEOC had not issued its notice of right to sue.

■ The court must apply the "transactional test" to determine whether two suits involve the same cause of action. *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 665 (5th Cir.1994); *Ocean Drilling*, 799 F.2d at 217. That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. *Ocean Drilling*, 799 F.2d at 217 (citing Restatement (Second) of Judgments § 24 Comment (c) (1982)). Under the transactional test, the critical issue is not the relief requested or the theory asserted, but whether the plaintiff bases the two actions on same nucleus of operative facts. *Agrilectric Power Partners*, 20 F.3d at 665. For example, if the plaintiff has a cause of action in both tort and contract arising from the same event, he must assert both claims in a single suit or lose forever the claim not raised. *Ocean Drilling*, 799 F.2d at 217 (citing Restatement (Second) of Judgments § 24 Illustration No. 3 (1982)).

The facts underlying both the 1995 and 1997 complaints are virtually identical, with the only noteworthy difference being the jurisdictional claim. The 1995 action asserts jurisdiction and venue pursuant to Miss.Code Ann. § 11–11–3, whereas the 1997 complaint invokes jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), by virtue of a violation of 42 U.S.C. §§ 2000e, et seq. (Title VII). Thus, under the transactional test, these two suits involve identical causes of action since they both arise from the same nucleus of operative facts. Since the plaintiff could have asserted her Title VII claims in the earlier action, the court finds that the

present action is barred by the doctrine of res judicata.

The plaintiff contends that she could not have raised her Title VII claims in the 1995 action since she had not received her notice of right to sue at the time that action was filed. However, the fact that the Title VII claim may have been premature does not save the claim from res judicata if it arises out of the same facts as the earlier, dismissed action. *Brzostowski v. Laidlaw Waste Sys.*, 49 F.3d 337, 339 (7th Cir.1995); *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39–40 (2nd Cir.1992), *cert. denied*, 506 U.S. 1053, 113 S.Ct. 977, 122 L.Ed.2d 131 (1993). The plaintiff could have either delayed filing suit until receiving her notice of right to sue, or she could have filed suit and moved for a stay pending EEOC resolution, at which time she could move to amend her complaint. *Brzostowski*, 49 F.3d at 339; *Woods*, 972 F.2d at 41. Thus, the fact that the plaintiff had not received her notice of right to sue by March of 1995 is of no avail.

 Furthermore, complete exhaustion of the administrative process is not required if, before filing suit, at least 180 days have passed since the plaintiff filed her charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(f)(1); *EEOC v. Hearst Corp.*, 103 F.3d 462, 465–466 (5th Cir.1997); *Miller v. United States Postal Serv.*, 825 F.2d 62, 64 (5th Cir.1987). If the EEOC has failed to complete its investigation within 180 days, the plaintiff may request a notice of right to sue and then proceed with private litigation prior to EEOC resolution of her administrative complaint. 29 C.F.R. § 1601.28(a)(1). The plaintiff filed her charge of discrimination with the EEOC on or about April 19, 1994. The 180–day period would have run in October of 1994—five months before the plaintiff filed her original suit. Had the plaintiff desired to do so, she could have requested a notice of right to sue and included her Title VII claims in her 1995 complaint.

 Finally, the plaintiff asserts that res judicata should not apply because the court abused its discretion in dismissing the 1995

action with prejudice. This is the same argument raised by the plaintiff in her motion for relief from judgment. During the pendency of the 1995 action, the plaintiff failed to keep her own attorneys and the court advised of her current address, refused to cooperate with her attorneys in prosecuting her case, neglected to attend the case management conference, and in general, failed to prosecute her case. The plaintiff was warned on multiple occasions that her case could be dismissed for failure to prosecute. The court's order of September 25, 1995, allowing her attorneys to withdraw, specifically advised the plaintiff of such and required the plaintiff to take certain action with the court. The motion to dismiss, as well as the Magistrate Judge's report and recommendation, neither of which were responded to by the plaintiff, provided further notice of the likelihood of dismissal if the plaintiff did not take action to preserve her claim. While the court realizes that the plaintiff may not have received her notices in a timely fashion, this is her own fault for failing to ensure that the court and/or her attorneys had her current address. Furthermore, if the plaintiff had moved, a simple forwarding address left with her old post office would have enabled her to receive mail from the court or her attorneys.[1] Considering the entire circumstances, including the plaintiff's utter failure to keep her attorneys or the court apprised of her address or to take any action to preserve her case, the court finds that it did not abuse its discretion in dismissing the plaintiff's 1995 action with prejudice.

## CONCLUSION

For the foregoing reasons, the court finds that the defendant's motion to dismiss should be granted. An order will issue accordingly.

## *ORDER*

In accordance with the memorandum opinion this day issued, it is **ORDERED:**

---

1. The plaintiff received the EEOC's notice of right to sue, mailed to her old address, which indicates that she was receiving her mail, though the length of time involved between mailing and receipt indicates that the plaintiff may not have had a proper forwarding address on file with the post office.

That the defendant's motion to dismiss is **GRANTED** and this cause is **DISMISSED** with prejudice.