# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-20202
Summary Calendar

HUNTSVILLE CHRYSLER PRODUCTS INC;  HUNTSVILLE
CHEVROLET-NISSAN INC; BRYAN AUTOMOTIVE PRODUCTS INC.,

Plaintiffs-Counter Defendants-Appellants-Cross-Appellees,

versus

GENERAL ELECTRIC CAPITAL CORPORATION,

Defendant-Counter Plaintiff-Third Party Plaintiff-Appellee-Cross Appellant,

versus

JACKIE PETERS; LER INC.; DAVID PETERS; D-JAC
MANAGEMENT CO.; CLAIR R. PETERS; ELLEN M. PETERS,

Third Party Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-1837)
January 11, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges

PER CURIAM:[*]

Plaintiffs, Huntsville Chrysler Products, Inc., Huntsville Chevrolet-Nissan, Inc., and Bryan Automotive Products, Inc. ("appellants" or "dealerships"), appeal the district court's final judgment. The district court dismissed the appellants' complaint with prejudice on the basis that their claims against General Electric Capital Corporation ("GECC") were barred by res judicata.  GECC appeals the district court's final judgment because the  judgment  dismissed the entire case with prejudice, including GECC's counterclaims and third party claims for attorneys' fees.  For the following reasons we affirm in part, and reverse in part.

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

In September 1996, the dealerships and GECC entered into a floor plan financing agreement in which GECC would provide $10.4 million dollars to assist the dealerships in purchasing inventory. The dealerships defaulted in their repayment and in October 1997 GECC filed a sequestration suit in federal district court. The dealerships immediately filed for Chapter 11 bankruptcy protection. The bankruptcy court entered several orders in the consolidated bankruptcy proceedings. The bankruptcy court entered an order finding that GECC's claims against the dealerships were undisputed debts. The dealerships filed an adversarial proceeding against GECC requesting that the bankruptcy court enter an injunction to prevent GECC from foreclosing on their collateral. The dealership requested the injunction on the basis that the dealerships were progressing rapidly in their repayment of GECC, and for the equitable reason that GECC was receiving repayment at the expense of the dealerships' other creditors. In February 1998, the dealerships and GECC entered into an agreement for repayment of the debt. In April 1998, after the debt was repaid the bankruptcy court granted the dealerships' motion to dismiss the bankruptcy proceedings.

In June 1998, the dealerships filed the present case in district court. The dealerships' put forth six causes of action against GECC including negligent misrepresentation, fraud, breach of contract, tortious interference with prospective contracts, and violation of the Texas Deceptive Trade Practices Act. The dealerships claimed that GECC misled them as to the terms of the loan agreements, attempted wrongful foreclosure on their assets, and wrongfully forced the dealerships into bankruptcy. GECC counterclaimed and brought third party claims against the guarantors of the dealership loan: Jackie Peters, LER, Inc., David Peters, D-Jac Management, Clair Peters, and Ellen Peters ("third party defendants"), for attorneys' fees and costs.

In January 1999, the district court issued an order of dismissal stating that the dealerships' claims were barred by res judicata. Although the district court's order did not mention GECC's counterclaims and third party claims the final judgment dismissed the entire case with prejudice.

DISCUSSION

I.      Standard of Review

    We will uphold a FED. R. CIV. P. 12(b)(6) dismissal if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations. Kansa Reinsurance Company v. Congressional Mortgage Corporation of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994). The decision to dismiss a claim as barred by res judicata is a conclusion of law. Conclusions of law are subject to de novo review. Criswell v. Hensley, 102 F.3d 1411, 1414 (5th Cir. 1997).

II.     Dismissal of Dealerships' Claims

    This Court has recognized the importance of the finality of judgments entered by a bankruptcy court. Baudoin v. Bank of Lafayette, 981 F.2d 736, 739 (5th Cir. 1993) (citations omitted). A decision by a bankruptcy court has the effect of a judgment entered by a district court. Id. An attempt by a party to relitigate matters that were raised or could have been raised during the bankruptcy proceedings is barred under the doctrine of res judicata. Id. (citations omitted). A bankruptcy judgment bars a subsequent suit if: 1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases. Id. at 740 (citing Latham v. Wells Fargo Bank, N.A., 896 F.2d 979, 983 (5th Cir. 1990)).

    In the present case appellants do not dispute that the parties to this suit are identical to the parties in the bankruptcy case. The appellants also do not dispute that there was a final judgment entered in the bankruptcy proceeding. Instead the appellants major point of contention is that the bankruptcy court did not have jurisdiction to hear the appellants lender liability claims.. The appellants contend that a bankruptcy court has jurisdiction only to hear all cases under title 11 and all core proceedings arising under title 11. See 28 U.S.C. § 157(b)(1). The appellants claim that their lender liability claims against GECC do not qualify as core proceedings under title 11 because their claims are not: 1) matters concerning the administration of an estate, 2)

3

counterclaims by the estate against persons filing claims against the estate, or 3) claims that affect the liquidation of assets of the estate.  See 28 U.S.C. § 157(a)(2).

Despite the appellants contentions this court has previously held that lender liability suits are core proceedings.  In Baudoin, a corporation filed for bankruptcy protection after it had defaulted on loans made by a local bank. See Baudoin, 981 F.2d at  737.  The automatic stay in the bankruptcy proceeding was lifted allowing the bank to seek collection from the corporation. See id. at 738.   During the bankruptcy proceeding the corporation filed suit against the bank in state court alleging breach of the loan agreement and other related tort claims.  Id.  We held that the lender liability claims made by the corporation in state court were core proceedings for which the bankruptcy court had jurisdiction.  See id. at 741.  The corporation contended that the bank had breached the loan agreements which formed the basis of the bank's claims against the estate. Id.  We found that the subsequent lender liability suit could have been filed as part of the bankruptcy proceedings as a counterclaim to the bank's filing of a proof of claim against the estate.  Id.

The facts of the present case are virtually indistinguishable from those in Baudoin.  In the present case the dealerships claim that GECC breached the loan agreements which created the debts which were in question in the bankruptcy proceedings.  Therefore, if the dealerships believed that these debts were invalid due to a breach of the loan agreement by GECC they could have filed a counterclaim in the bankruptcy court.  The dealerships did file adversary proceedings during the bankruptcy case, but failed to contest the validity of the loans.  Therefore, because the dealerships lender liability claims were challenges to a claim made against the estate during the bankruptcy proceeding, these lender liability claims were core proceedings for which the bankruptcy court did have jurisdiction.

Appellants argue in the alternative, that even if the bankruptcy court did have jurisdiction to enter a final judgment as to its lender liability claims the test for res judicata fails because its claims in the present case are different from the matters which were at issue in the bankruptcy

4

proceedings. To determine whether the same claim is involved in two separate actions we apply the transactional test which is set forth in Restatement (Second) of Torts § 24. Eubanks v. FDIC, 977 F.2d 166 (5th Cir. 1992) (citing Ocean Drilling & Exploration Co. v. Mont Boat Rental Servs., Inc., 799 F.2d 213, 217 (5th Cir. 1986). Under the transactional test we ask whether the two actions are based on the same nucleus of operative facts. Id. We look to the factual predicate of the claims asserted, not the legal theories presented. Id.

In the present case the factual predicate for the bankruptcy proceeding and the current lender liability claims are identical. Both proceedings concern the floorplan financing agreement between the dealerships and GECC, the circumstances surrounding the attempted refinancing of that debt, and the eventual repayment of the debt by the dealerships. The only difference between the bankruptcy proceedings and the current lender liability suit is that the dealerships have put forth a different legal theory in the present case from the one which they presented in the prior bankruptcy proceedings. Our case law clearly indicates that this shift in legal theory will not inhibit the application of the res judicata doctrine. See e.g. Howe v. Vaughn, 913 F.2d 1138, 1144-45 (5th Cir. 1990) (finding that the debtors allegations in a suit subsequent to the bankruptcy proceedings merely asserted new theories based on the same nucleus of operative facts, and therefore constituted the came claim for res judicata purposes). Because the appellants' lender liability claims were core proceedings for which the bankruptcy court did have jurisdiction, and their claims were based on the same nucleus of operative facts as those at issue in the bankruptcy proceedings we find that the appellants' claims were barred by res judicata.

III.    Dismissal of GECC's Counterclaim and Third Party Claim

GECC filed a counterclaim and third party claim against the guarantors of the loan for attorneys' fees and costs. GECC argues that the Loan and Security agreement entered into between GECC and the dealerships in September 1996 provided that if at any time GECC employed legal counsel for any litigation relating to the agreement the dealerships and its guarantors would pay those attorneys' fees and costs. The district court did not discuss the

counterclaims in its order for dismissal, which was the basis of the final judgment the court entered which dismissed the entire case. GECC argues that this dismissal of the counterclaim and third party claim was not requested by either party, and appears to be an inadvertent mistake on behalf of the district court. The dealerships argue that GECC waived its right to appeal this ruling by failing to file post-trial motions requesting a new trial, and failing to make a motion to alter and amend the judgment. The dealerships also argue that the district court's dismissal of the counterclaim and third party claim was not inadvertent because the court did not make an express declaration that it intended to separate the counterclaims from the final judgment, and therefore it must be assumed that the final judgment intended to dismiss all claims with prejudice.

Assuming arguendo that the district court did intend to dismiss the counterclaim and third party claim, as a conclusion of law we review this dismissal de novo. See Criswell, 102 F.3d at 1414. GECC was not required to file post-trial motions for to amend the judgment in order to properly preserve this issue for appeal. See generally, Colonial Penn Insurance v. Market Planners Insurance Agency, 157 F.3d 1032, 1036 (5th Cir. 1998). GECC properly preserved the issue for appeal by filing a timely notice of appeal for this issue. The district court offered no explanation for the dismissal and on appeal the dealerships offer no independent justification for the dismissal. Our review of the pleadings has revealed that GECC has stated a claim for attorneys' fees upon which they could be granted relief. Therefore, we reverse the dismissal of the counterclaim and third party clam. We remand to the district court for further consideration of these claims.

AFFIRMED in part, REVERSED in part.