# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00069-CV

**J-W Power Company, Appellant**

**v.**

**Sterling County Appraisal District, Appellee**

### FROM THE 51ST DISTRICT COURT OF STERLING COUNTY
### NO. 2685, THE HONORABLE CARMEN DUSEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

J-W Power Company appeals a take-nothing summary judgment rendered by the trial court in J-W Power's appeal of an order of the Sterling County Appraisal Review Board. *See* Tex. Tax Code §§ 25.25(g), 42.01(a)(1)(B), 42.21(a), 42.23. J-W Power had filed with the Board a motion requesting that it correct past tax years' appraisal rolls by removing from the rolls compressors that J-W Power had leased to others, citing as support two statutes addressing the taxation of "dealer's heavy equipment inventory." *See generally id.* §§ 23.1241–23.1242, *discussed by EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, 554 S.W.3d 572 (Tex. 2018). The Board denied J-W Power's motion. *See* Tex. Tax Code § 25.25(c)(2), (3). J-W Power then appealed the Board's order by filing in the trial court a petition for review against the Sterling County Appraisal District (SCAD). The court granted SCAD's motion for summary judgment, ordering that J-W Power take nothing on all its claims. In four appellate issues, J-W Power contends that the trial court erred by granting the summary judgment. We affirm.

**BACKGROUND**

J-W Power owns natural-gas compressors that it leases to customers for use in oil-and-gas fields. Its customers use the compressors in counties throughout Texas, but when one of its compressors is not under lease, J-W Power keeps the compressor at a storage yard in Ector County. During the tax years at issue, J-W Power leased compressors to customers who used them in Sterling County. Sections 23.1241 and 23.1242, as amended effective January 1, 2012, provide generally that items leased from a "dealer's heavy equipment inventory" may be appraised for taxation only in the county in which the inventory is based and maintained. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 322, §§ 1–10, 2011 Tex. Gen. Laws 938, 938–41; *EXLP Leasing*, 554 S.W.3d at 581–86.

Even after these changes were passed by the legislature and approved by the governor, Sterling County authorities appraised for *ad valorem* tax purposes J-W Power's compressors located in Sterling County. J-W Power protested the appraisals, under the procedures in Section 41.41. The Board denied the Section 41.41 protests, and J-W Power did not challenge the denials in court.

In early 2018, the Supreme Court of Texas issued *EXLP Leasing*, which explains how Sections 23.1241 and 23.1242 work. *See* 554 S.W.3d at 572. J-W Power then filed with the Board a motion under Section 25.25(c)(2) and (3) to correct the county's appraisal rolls for tax years 2013 through 2016. It argued that under *EXLP Leasing*'s analysis of Sections 23.1241 and 23.1242, the Sterling County authorities should not have appraised for taxation any of J-W Power's compressors in Sterling County because they were all part of a "dealer's heavy equipment inventory." *See id.* at 574–75, 581–86. J-W Power argued that because the inventory was "based

2

and maintained" in Ector County, *see id.* at 586, only Ector County could appraise the inventory's compressors for *ad valorem* tax purposes, *see id.* at 574–75, 581–86.

After a hearing, the Board denied J-W Power's Section 25.25(c) motion. J-W Power appealed the denial via its petition for review against SCAD. SCAD answered and moved for a summary judgment on all J-W Power's claims. J-W Power filed a response, but the trial court granted SCAD's motion and rendered a final take-nothing judgment in SCAD's favor, specifying that "all relief to the Plaintiff" was "being denied." J-W Power now appeals.

## SUMMARY JUDGMENT IN SCAD'S FAVOR—*RES JUDICATA*

"Because the standard of review applying to summary judgments is well-established, we do not recite it here." *Scientific Mach. & Welding, Inc. v. Rose*, No. 03-20-00564-CV, 2022 WL 850409, at \*2 n.2 (Tex. App.—Austin Mar. 23, 2022, no pet.) (mem. op.) (citing Tex. R. Civ. P. 166a(c); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "Where, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Long v. Southwest Funding, L.P.*, No. 03-15-00020-CV, 2017 WL 672445, at \*2 (Tex. App.—Austin Feb. 16, 2017, no pet.) (mem. op.).

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal" of a summary judgment. Tex. R. Civ. P. 166a(c). Thus, J-W Power may win reversal on appeal only on issues that it presented to the trial court in writing. *See Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462,

3

467 (Tex. 1998); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *Travis v. City of Mesquite*, 830 S.W.2d 94, 99–100 (Tex. 1992).

One of the grounds on which SCAD moved for summary judgment was its assertion that J-W Power's claims were barred by *res judicata*.[1] In its third appellate issue, J-W Power asserts that the trial court erred by granting summary judgment based on *res judicata*.[2] The parties do not dispute the underlying facts, for example, that J-W Power filed Section 41.41 protests that were denied and what J-W Power wrote on the protest forms. They instead dispute the legal import of the underlying facts. *Cf. Solomon v. Stone*, No. 05-17-00889-CV, 2018 WL 2926676, at *1 (Tex. App.—Dallas June 7, 2018, no pet.) (mem. op.) ("We review de novo the trial court's conclusion of law that res judicata applied under the undisputed facts.").

"The doctrine of res judicata, or claim preclusion, bars causes of action that have already been fully adjudicated or that, with the use of diligence, could have been brought in the prior suit." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (citing *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021)). "The doctrine is necessary to 'bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery.'" *Eagle Oil & Gas*, 619 S.W.3d at 705 (quoting *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007)). "Res judicata

---

[1] More specifically, SCAD argued that J-W Power's Section 25.25(c) motion about the relevant tax years was barred by *res judicata* because of the substance of the claims that were denied in J-W Power's Section 41.41 protests about the same tax years.

[2] J-W Power's appellate briefing refers to SCAD's failure to plead *res judicata* in its answer, but J-W Power "did not alert the trial court to [SCAD]'s alleged pleading defect during summary judgment proceedings or at any other time prior to judgment." *See Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 537 (Tex. 2019). J-W Power thus "waived its complaint about [SCAD]'s pleadings." *See id.*

requires proof of three elements: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.'" *Rosetta Res. Operating*, 645 S.W.3d at 225 (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

Under the first element, J-W Power correctly acknowledges that administrative bodies' final decisions, like courts' final decisions, can have preclusive effect under *res judicata*.[3] *See, e.g.*, *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 87–88 (Tex. 2008) (certain final orders of Workforce Commission are *res judicata*), *superseded by statute on other grounds as recognized in Engelman Irrigation Dist. v. Shields Bros.*, 514 S.W.3d 746, 750 n.28 (Tex. 2017); *Tricon Tool & Supply, Inc. v. Thumann*, 226 S.W.3d 494, 511 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("The doctrine of res judicata also applies to the relitigation of claims previously determined by an administrative agency."). J-W Power concedes this point on appeal, saying in its reply brief, "J-W Power does not dispute that *res judicata* can apply to [Appraisal Review Board] orders."

Instead, the arguments it raised in its summary-judgment response were limited to *res judicata*'s third element. J-W Power argued that the orders denying its Section 41.41 protests did not address the "same claims" on which it based its Section 25.25(c) motion.

---

[3] *See Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 50 (Tex. 2018) (referring to county appraisal review board as type of administrative agency); *Beltran Gutierrez v. City of Laredo*, No. 04-17-00838-CV, 2019 WL 691443, at *2 (Tex. App.—San Antonio Feb. 20, 2019, pet. denied) (mem. op.) (same); *see also Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam) (stating, in suit involving county appraisal district: "The Texas Constitution expressly allows the Legislature to bestow exclusive original jurisdiction on administrative bodies. There is no question the Legislature intended to do so here." (internal citation omitted)).

When deciding whether a later proceeding is based on the "same claims" resolved by an earlier final adjudication, courts compare the "basic nature" of the claims presented in the two proceedings. *See Rosetta Res. Operating*, 645 S.W.3d at 226; *see also Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630 (Tex. 1992) (requiring "analysis of the factual matters that make up *the gist of the complaint*, without regard to the form of action" (emphasis added)). For example, the Supreme Court of Texas concluded that *res judicata* precluded all of a plaintiff's claims that related to the "same transaction," even if some of the claims were merely contingent at the time of the first proceeding. *See Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 799 (Tex. 1992). In the same opinion, the Court cited with approval a Fifth Circuit decision in which that court decided that a liability theory different from the one a plaintiff had brought in an earlier proceeding was still precluded by *res judicata* because the deprivation of "the right [the plaintiff] seeks to redress is the same" across both proceedings. *Id.* at 799 n.5 (quoting *Ocean Drilling & Expl. Co. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 217 (5th Cir. 1986)).

Also relevant here, the Court in *Igal* held that under *res judicata*, a Workforce Commission (TWC) final order under the Payday Law precluded the same claimant's later suit raising common-law claims for unpaid wages. *See* 250 S.W.3d at 87–88, 93. The Court reasoned: "The fact that the Payday Law provides an alternative remedial scheme to the common law does not prevent res judicata from applying to TWC orders. Both courts and administrative agencies may provide remedies for injuries actionable under the common law." *Id.* at 87. Thus, "[t]he Payday Act is not an employee's sole and exclusive remedy for a claim based on past wages but is rather an alternative remedy that is cumulative of the common law," meaning that the TWC "offers an alternate means to the same remedy." *Id.* at 88.

6

On its Section 41.41 protest form, J-W Power claimed that "[a]ll compressors owned by J-W Power Company in Sterling County" were "part of a heavy equipment inventory and qualify to be valued under Section[s] 23.1241 and 23.1242 of the Texas Property Tax Code," with the result that "[a]ssessing them separately creates a double assessment." Then in its Section 25.25(c) motion J-W Power asserted: "All compressors in this county . . . were dealer's heavy equipment inventory. Accordingly, the compressors should be valued and taxed under section[s] 23.1241 and 23.1242 of the Texas Tax Code. The appraisal district assessed these compressors separately as business personal property, which created a double assessment." The basic nature of the claims brought in the Section 41.41 protests and in the Section 25.25(c) motion is thus the same—with the claims stated nearly verbatim.

J-W Power raises several arguments to challenge this conclusion, but each is foreclosed by the *res judicata* principles set forth by the Supreme Court of Texas. J-W Power argued first in its summary-judgment response that its claims in this suit differ from those in its Section 41.41 protests because the present claims were brought under Section 25.25(c), a different statute. But the basic nature of the claims did not change, *see Rosetta Res. Operating*, 645 S.W.3d at 226 (assessing the "basic nature of the [plaintiff]s' claim"), even if they were brought under a new statutory theory, *see Getty Oil*, 845 S.W.2d at 799 n.5 (different liability theory precluded by *res judicata* when deprivation of "the right [the plaintiff] seeks to redress is the same" across both proceedings (quoting *Ocean Drilling & Expl.*, 799 F.2d at 217)).

J-W Power's next summary-judgment argument—that Section 25.25(c) motions provide different remedies than do Section 41.41 protests, thus making claims under each statute necessarily different—is also foreclosed. Differing remedies for violations of the same rights are precluded by *res judicata* when the basic nature of the underlying claims stays the same.

7

*See Igal*, 250 S.W.3d at 87–88; *Getty Oil*, 845 S.W.2d at 799 n.5 (quoting *Ocean Drilling & Expl.*, 799 F.2d at 217).

J-W Power also raised Section 25.25(*l*) as support for its position. Section 25.25(*l*) provides that Section 25.25(c) motions may proceed "regardless of whether, for a tax year to which the motion relates, the owner of the property protested under Chapter 41 an action relating to the *value* of the property that is the subject of the motion." *See* Tex. Tax Code § 25.25(*l*) (emphasis added). But J-W Power's motion and supporting reliance on *EXLP Leasing* did not concern the compressors' value—that is, they did not challenge the mathematical formula that the Sterling County authorities used to compute the compressors' market value for tax purposes. J-W Power was instead asserting that the compressors were not a taxable form of property located in Sterling County *at all*—an issue separate from the appraisal-formula question—because, according to J-W Power, the compressors constituted "dealer's heavy equipment inventory" when the inventory was based and maintained in another county. *See MidCon Compression, L.L.C. v. Reeves Cnty. Appraisal Dist.*, 478 S.W.3d 804, 819 (Tex. App.—El Paso 2015) ("Although MidCon contends that the dispute in this case concerns the correct appraisal value of the sixty-four compressor packages, the dispute is not so much about whether the appraised value is excessive as it is about whether Reeves and Loving Counties can tax the compressor packages as business personal property at all."), *aff'd in part and rev'd in part on other grounds*, 563 S.W.3d 207 (Tex. 2018) (per curiam); *Tex-Air Helicopters, Inc. v. Harris Cnty. Appraisal Dist.*, 15 S.W.3d 173, 176 (Tex. App.—Texarkana 2000, pet. denied) ("[T]he Legislature's clear intent was that protests of valuation of property for tax purposes in excess of 'appraised or market value' or unequal valuation in comparison with other properties, are separate and distinct from protests based on

8

whether property is taxable at all." (interpreting *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 78 (Tex. 1992))).

Finally in its summary-judgment response, J-W Power argued that its "opportunity to fully litigate its claims under 25.25(c) did not become evident until" the Supreme Court decided *EXLP Leasing*. Yet as *Getty Oil* shows, even claims that were merely contingent during the earlier proceeding still may be precluded by *res judicata* from being pursued in a later proceeding. *See* 845 S.W.2d at 799. Plus, J-W Power took the position at oral argument that *EXLP Leasing* was not a change in the law. *Cf. Marino v. State Farm Fire & Cas. Ins. Co.*, 787 S.W.2d 948, 949–50 (Tex. 1990) ("[R]es judicata is not a defense in a subsequent action if there has been a change in . . . the decisional law between the first judgment and the second suit." (emphasis removed)). And even if *EXLP Leasing* means that the Board's denials of the Section 41.41 protests were erroneous, *res judicata* protects erroneous final adjudications: "That the judgment may have been wrong or premised on a legal principle subsequently overruled does not affect application of res judicata." *Engelman Irrigation Dist.*, 514 S.W.3d at 749 (internal quotation omitted) (quoting *Segrest v. Segrest*, 649 S.W.2d 610, 612 (Tex. 1983)).

J-W Power expands on this issue on appeal, arguing that "[r]es judicata cannot bar a claim that was not ripe at the time the first lawsuit was filed." *Cf. Eagle Oil & Gas*, 619 S.W.3d at 706. Ripeness "requires a plaintiff to have a concrete injury before bringing a claim." *Id.* J-W Power had such an alleged injury when it filed its Section 41.41 protests—the very injury it complained of in the text of the protest form, which matches the description of the injury it complained of in its Section 25.25(c) motion. Ripeness also requires courts to "consider whether, at the time a lawsuit is filed, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Id.* (internal quotation omitted) (quoting

9

*Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000)). The facts were sufficiently developed when J-W Power filed its Section 41.41 protests and at all times after—the Sterling County authorities had already appraised the compressors in violation, J-W Power said, of Sections 23.1241 and 23.1242.

J-W Power adds that its Section 25.25(c) claims only became ripe after the appraisal rolls were certified because motions under Section 25.25(c) allow only for correction of already-certified rolls. But, as noted above, *res judicata* analysis focuses on the basic nature of the claims involved and not necessarily the vehicles or theories by which the claims are pressed. *See Rosetta Res. Operating*, 645 S.W.3d at 226; *Igal*, 250 S.W.3d at 87–88; *Getty Oil*, 845 S.W.2d at 799 n.5 (quoting *Ocean Drilling & Expl.*, 799 F.2d at 217); *Barr*, 837 S.W.2d at 630.

In its brief on appeal, J-W Power argues for the first time that because the Board didn't dismiss the Section 25.25(c) motion out of hand but decided the Section 25.25(c) claims, the Board must have interpreted the relevant statutes to conclude that *res judicata* did not apply. But the Board's order denying the Section 25.25(c) motion is not inconsistent with the Board's having concluded that the results of the Section 41.41 protests precluded the Section 25.25(c) motion. The order says simply that the motion is denied, without specifying the reason or reasons for the denial.

Because J-W Power has not successfully challenged *res judicata* as a ground for the summary judgment, we must affirm it. We thus overrule the relevant portion of J-W Power's third issue and need not reach any other issue. *See* Tex. R. App. P. 47.1.

10

**CONCLUSION**

We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed: July 21, 2022